**ADDISON BANK, Appellant,**

v.

**TEMPLE–EASTEX, INC., Appellee.**

No. 08–83–00130–CV.

Court of Appeals of Texas, El Paso.

Jan. 4, 1984.

Rehearing Denied Feb. 4, 1984.

Application for Writ of Error March 5, 1984.

Robert L. McCallum, Dallas, for appellant.

Joseph H. McCracken, III, Dallas, for appellee.

Before PRESLAR, C.J., and OSBORNE and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This case concerns the alleged wrongful dishonor of a letter of credit. Trial was before the court upon stipulated evidence. Appellant appeals from a money judgment against it. We reverse and render.

On December 7, 1979, Appellant Bank issued a $3,000.00 irrevocable letter of credit to Woodward, Inc. for the account of DFW Furniture Distributors, Inc. DFW was buying furniture from Woodward for resale. The letter of credit required Woodward to allow DFW thirty days to pay for purchases. Absent payment, Woodward was entitled to make demand on the letter of credit. Such demands were to be accompanied by drafts signed by Woodward and an affidavit from Woodward that the merchandise had been ordered by DFW, delivered and remained unpaid for thirty days. The letter of credit was to expire upon exhaustion of the $3,000.00, but not later than December 7, 1980. It was silent as to assignability. In March, 1980, DFW ordered $3,280.99 in furniture from Woodward. Of this sum, $1,669.30 became delinquent on April 11; $1611.79 on April 27. In September, 1980, DFW paid $500.00 on its account, leaving a delinquent balance of $2,781.09.

Woodward was the wholly-owned subsidiary of Appellee, Temple-Eastex, Inc. On March 26, 1980, Woodward, Temple-Eastex, Inc. and Broyhill Furniture Industries, Inc. executed an assignment of Woodward's accounts receivable to Broyhill. At that time the DFW account was not delinquent. The action was apparently in preparation for the voluntary corporate dissolution of Woodward. On April 23, 1980, Woodward was dissolved. Appellee Temple was the assignee of Woodward's remaining assets, including the letter of credit. On November 26, 1980, Appellee repurchased the DFW accounts receivable from Broyhill in accordance with the March 26 agreement. On December 2, 1980, Appellee placed a written demand upon the letter of credit in the United States mail. The demand letter was on Temple-Eastex stationery and was accompanied by an affidavit of default executed by an officer of Temple-Eastex. Attached to the affidavit was a copy of a June 26, 1980, statement of DFW's account certified by the Woodward credit manager as being delinquent. December 7, 1980, was a Sunday. The demand was received by Appellant on Monday, December 8. That same day, Appellant sent a letter notice of dishonor to Appellee, referring expressly only to the untimeliness of the demand.

The court found in its findings of fact and conclusions of law that the letter of credit was assignable, that Temple's "corporate inheritance" of the letter gave it a beneficiary power to make demand upon the credit, that the demand was timely, that it was in compliance with the documentary requirements as interpreted in light of banking and business custom and usage, and that Appellee was entitled to damages in the amount of $2,781.09, plus pre-judgment interest as well as $1,200.00 in attorney's fees.

Appellant presents eighteen points of error, challenging the legal and factual sufficiency of the evidence as well as various conclusions of law reached by the trial court. Appellee responds with four counter-points. For ease of discussion, and as treated by the briefs of the parties, we discuss the points under three areas of consideration:

(1) The right of Temple-Eastex to demand payment of the letter of credit; (Points of Error 5, 6, 7, 10, 11, 12, 14, 15, 16 and 17), and compliance of Temple-Eastex with the terms of the letter of credit. (Points of Error 1, 2, 8, 11 and 18).

(2) Timeliness of the demand. (Points of Error 1, 2, 3, 4, 5, 6, 9, 11 and 18).

(3) Entitlement to attorney's fees. (Point of Error 13).

■ The letter of credit was silent as to the beneficiary's (Woodward's) right to assign the instrument to a third party. Tex. Bus. & Com.Code Ann. sec. 5.116(a) (Vernon Supp.1982) prohibits the assignment of a right to draw or demand under a letter of credit in the absence of an express designation that the instrument is transferrable. Under Subsection (b), the right to proceeds may be transferred prior to performance of the conditions of the credit. The right to proceeds, however, is not a right to demand in the shoes of the assignor. In effect, the assignee acquires a security interest in the proceeds.

■ Under Subsection (b)(2), an assignee might be entitled to direct payment from the issuer if: 1) the issuer has been notified of the assignment, 2) the prerequisites for honor have been met by the assignor-beneficiary, and 3) the assignor-beneficiary requests that the issuer pay the assignee directly.

■ Even if Temple-Eastex were in such an assignee position, due to the dissolution of the subsidiary beneficiary Woodward, the statutory preconditions for honor and direct payment were not met. The demand letter was written on Temple-Eastex stationery and signed by an official of that corporation. The affidavit of default was prepared by an official of Temple-Eastex. The only document from the original beneficiary was a six-month-old billing statement certified as true and correct by Woodward's credit manager. The demand letter identified Appellee as the parent company of Woodward, Inc., but nowhere do the demand documents describe the corporate

status of the beneficiary at the time of the demand or the manner of passage of the letter of credit into the hands of Appellee.

■ On its face, the demand failed to comply with the terms of the credit with regard to demand by the beneficiary. The proper identity of the demanding party is of critical importance to the issuer dealing at a distance from the business interaction of its customer (DFW) and the beneficiary (Woodward). Letters of credit, while generally governed by Chapter 5 of the Business and Commerce Code, are also governed by other provisions dealing with commercial paper. Section 3.505 permits an issuer to decline acceptance upon question as to the identity or authority of one making presentment. The record is devoid of any evidence that Appellant was aware of the Appellee, its relationship to Woodward or the manner of its acquisition of the letter of credit.

The terms of the credit required that the demand be accompanied by sight drafts signed by the beneficiary, the beneficiary's affidavit of default in payments for merchandise ordered from the beneficiary and delivered to the purchaser, and copies of commercial invoices evidencing the shipment. The demand was presented without sight drafts signed by the beneficiary and without an affidavit by the beneficiary as to the default.

■ The terms of the letter of credit were unambiguous. Consequently, the court erred in resorting to custom or usage in the business and banking community to determine whether there had been compliance in the form of the demand. Furthermore, the issuer is entitled to require strict conformity between the terms of the letter of credit and the demand for payment. *Siderius, Inc. v. Wallace Co. Inc.*, 583 S.W.2d 852 (Tex.Civ.App.—Tyler 1979, no writ).

■ Appellee sought and obtained a finding by the trial court that the sole ground of dishonor in Appellant's letter of December 8 was the untimeliness of the demand. This of course suggests waiver

of the other alleged defects in the demand. The waiver doctrine is applicable only when the narrowness of an issuer's explanation of dishonor lulls the beneficiary into a loss of opportunity to cure other defects. *Siderius*, 583 S.W.2d at 862. Here, the demand was made at the very close of the credit period. The dishonor was timely and no further time remained for cure. Under these circumstances, the limited explanation given by Appellant constitutes no waiver of the documentary defects. We believe the bank was justified in declining to honor or accept the demand. The points indicated under our first area of discussion are sustained as they relate to right to demand and compliance.

There seems little doubt that the demand was timely. Tex.Bus. & Com.Code Ann. sec. 3.503(c) (Vernon 1968) provides that where any presentment is due on a day which is not a full business day for either the person making presentment or the party to pay or accept, presentment is due on the next following day which is a full day for both parties. Under Section 3.504(b)(1), presentment may be made by mail and is effective upon receipt. Tex. Rev.Civ.Stat.Ann. art. 342–910a, sec. 1 (Vernon Supp.1982), prohibits banking activities on Sunday and provides for an extension to the next banking day of any act whose execution date falls upon a Sunday. Presentment of the demand in this case was timely, having been received on Monday, December 8.

Appellant argues, in addition, that the terms of the credit meant that demand had to be made on or before December 6. A plain reading of the letter of credit does not support the argument. The credit was to expire upon exhaustion of the $3,000.00 balance, but not later than December 7. That date was clearly intended to be within the demand time. The points under our second area of discussion are overruled as they relate to timeliness.

Finally, relating to attorneys fees, it is unnecessary for this Court to resolve the issue of attorney's fees since the Appellant Addison Bank was entitled to judgment.

We find that Temple-Eastex had no right to demand payment from Addison and that there was a failure to comply with the terms of the letter of credit. We further find that the demand, had it been in compliance otherwise, was timely.

The judgment is reversed and rendered that Appellee take nothing.